**In re Panayiotis T. VELIOTIS, Debtor.**

**Gerald A. RIMMEL, Trustee and United States of America, Plaintiffs,**

**v.**

**GENERAL DYNAMICS CORPORATION, Defendant.**

**Bankruptcy No. 87–03044–BKC–JJB.**

**Adv. No. 88–0284–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

May 3, 1990.

See also, Bkrtcy., 79 B.R. 849.

Deborah Benoit, St. Louis, Mo., for plaintiff/trustee.

Larry A. Reed, St. Louis, Mo., Susan Cohen, Ron Peterson, Jenner & Block, Chicago, Ill., for defendant.

David A. Warfield, St. Louis, Mo., for Frigitemp.

John Gross, New York City, Roy Babitt, of counsel, Anderson, Russell, Kill & Olick, for debtor.

Martin I. Twersky, Berger & Montague, P.C., Philadelphia, Pa., for Frigitemp Trustee.

ORDER

JAMES J. BARTA, Bankruptcy Judge.

The hearing to consider the application of the Trustee/Plaintiff to approve a compromise of certain issues and matters in connection with this Adversary Proceeding was called on March 26, 1990. The Debtor appeared by Counsel Roy Babitt and John Gross and presented oral arguments in opposition to the Trustee's requests. The following parties appeared and presented arguments in support of the application: Gerald A. Rimmel, the Trustee/Plaintiff in person and by Counsel, Deborah Benoit; General Dynamics by Counsel, Susan Cohen and Ron R. Peterson; the United

States of America, by Counsel Nancy Savitt; and the Trustee in the Bankruptcy case of Frigitemp Corporation by Counsel H. Laddie Montague, Jr., Martin I. Twersky and David A. Warfield.

After consideration of the record as a whole, the Court announced its determinations and orders from the bench.

A summary of the Trustee's recitation of the history of this case is necessary for an understanding of this proceeding. On October 14, 1987, the United States of America filed an Involuntary Petition requesting an order for relief under Chapter 7 against Panayiotis T. Veliotis. The Chapter 7 Order for Relief was entered on March 22, 1988, after the Court denied the request of the single petitioning creditor to dismiss this case.

On November 25, 1988, the Chapter 7 Trustee filed an adversary proceeding against General Dynamics Corporation seeking a turnover of Canadian funds and shares of General Dynamics stock allegedly held by the Debtor at the commencement of this case. The motion of the United States to intervene in the adversary proceeding was granted on June 8, 1989. General Dynamics Corporation as Defendant has filed an answer and a series of affirmative defenses. The proposed compromise would resolve the disputes presented in the Trustee's complaint.

The Trustee's administration in this matter has identified the existence of three creditors: The United States of America representing claims on behalf of the Internal Revenue Service and the Maritime Administration; Lawson F. Bernstein, the Trustee for the Estate of Frigitemp Corporation, a debtor in a pending Bankruptcy case in the Southern District of New York (Case No. 78 B 468 (BRL)); and General Dynamics Corporation. No other creditors have been identified.

The arguments presented at this hearing have strengthened the finding that this matter involves a number of multi-layered multi-partied disputes, and presents a number of complex legal issues, several of which will be resolved by the compromise suggested by the Trustee/Plaintiff. If not resolved in this manner, the parties will be required to participate in extensive litigation over questions concerning the nature and value of assets, the implications of criminal proceedings in the Bankruptcy cases, and the value and extent of claims, many of which are unliquidated.

After distribution and publication of a notice with respect to this compromise, the only objection to approval has been presented by the Debtor. A review of the Court file reflects that the Debtor has refused to file Schedules and Statements of Affairs in this Chapter 7 case, has refused to appear at the meeting required by Section 341 of Title 11 of the United States Code, has refused to file a list of creditors as specifically ordered by the Court and has otherwise refused to cooperate with the Trustee in identifying creditors and assets. Notwithstanding these refusals, the Court has carefully considered the arguments presented on behalf of the Debtor in opposition to this compromise.

The Debtor's objection is based in part on the assertion that if successful, the Trustee's continued prosecution of a cause of action against General Dynamics Corporation, his initiation of actions to determine the value and extent of other claims against the estate, his independent investigation to locate other possible assets, and the resolution of other non-bankruptcy lawsuits in a manner which is not unfavorable to this estate will result in a surplus of assets available for distribution to creditors. The Debtor's assertions and conclusions have failed to consider his own failure to cooperate with the administration of this estate, the attendant cost of protracted litigation, the length of time required to obtain and realize upon these judgments, the inability of the Trustee to control or even affect the outcome of many of the matters described in the objection, and the uncertainty of the future value of the non-cash assets which comprise a substantial portion of the estate envisioned by the Debtor.

A review of the Trustee's report in this case reflects that he has thoroughly investigated the claims described by the Debtor.

He has also considered the claims against the estate and has determined that the approval of the proposed settlement would be in the best interests of the estate.

Bankruptcy Court approval of a compromise or settlement is governed by Bankruptcy Rule 9019.[1] In determining whether to approve a settlement, the Bankruptcy Judge must apprise himself or herself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claims be litigated. *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424–25, 88 S.Ct. 1157, 1163–64, 20 L.Ed.2d 1 (1968).

From a review of the record in this case the Court has determined that the probability of success in the various matters being litigated is slightly in favor of the parties holding claims against the Debtor and the Bankruptcy estate. Assuming at least one verdict favorable to the Debtor, the Trustee would likely encounter numerous difficulties in collecting any judgment. The parties have acknowledged that the litigation is complex, and the Court has determined that a great deal of expense, inconvenience and delay will necessarily be involved for all parties. Giving proper deference to the reasonable views of creditors, none of which has objected to this settlement, the Court has further determined that their paramount interest would be best served by granting the Trustee's request. *Drexel Burnham Lambert v. Flight Transportation Corporation,* 730 F.2d 1128, 1135–36 (8th Cir.1984).

This Bankruptcy Case has been before this Court since its commencement upon the filing of the Involuntary Petition. The Court has conducted several hearings, trials and conferences and has entered several orders during the preceding thirty months and is familiar with the entire record in this case. *In re A & C Properties,* 784 F.2d 1377 (9th Cir.1986). Many of the Debtor's objections to this settlement are based upon assumptions that his allegations are correct and will withstand the test of inquiry and public examination. His conclusion that continued prosecution of these various claims will result in a greater benefit to this estate is not based upon a realistic assessment of the circumstances. Therefore,

IT IS ORDERED that this hearing be concluded; and that the Debtor's objection to the Trustee's Application to approve a settlement agreement is OVERRULED; and that the Trustee's Application to approve the settlement agreement is GRANTED; and that the SETTLEMENT AGREEMENT attached as EXHIBIT A to the Trustee's Application to Compromise Disputes and Dismiss Proceedings filed on March 14, 1990, is APPROVED; and that the Trustee is to execute such documents and take such other action as is necessary to comply with the terms of this agreement; and that General Dynamics Corporation is granted relief from the automatic stay so as to permit enforcement and compliance with the terms of this agreement; and

That the Trustee's request for authority to execute the settlement agreement is GRANTED; and that this Adversary Proceeding is dismissed consistent with the terms of the settlement agreement; and that the Trustee's request to limit the Bankruptcy Court jurisdiction is DENIED; and that the parties' verbal agreement whereby certain funds would not be transferred is set aside; and

That the ruling upon the Trustee's request to dismiss this case is reserved pending further announcements from the Trustee.

---

1. Rule 9019. Compromise and Arbitration.

   (a) Compromise. On motion by trustee and after a hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other entities as the Court may designate, the court may approve a compromise or settlement.